USDC SCAN INDEX SHEET

JRL 6/9/03 11:38

3:03-CV-01142 BULLOCK V. SD COUNTY SHERIFFS

*1*

*CMP.*

Oscar E. Toscano (SBN 84736)
**LAW OFFICES OF OSCAR E. TOSCANO**
625 W. Broadway, # B
Glendale, California 91204
Telephone: (818)241-0806

Attorneys for Plaintiffs
VICTORIA (VICKIE) LYNN BULLOCK

FILED
03 JUN -6 PM 2:28
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA (VICKIE) LYNN BULLOCK, THE ESTATE OF RICHARD BULLOCK<br>Plaintiffs,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, WILLIAM B. KOLONDER, DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH, COUNTY OF SAN DIEGO, MICHAEL BULLOCK, GAVIN BULLOCK, DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. '03 CV 1142 JM NLS<br>**COMPLAINT FOR DAMAGES**<br><br>1) VIOLATION OF CIVIL RIGHTS (Excessive Force Causing Death, Privacy, Conspiracy);<br>2) FAILURE TO SUPERVISE, PATTERN, PRACTICE AND POLICY CAUSING CONSTITUTIONAL VIOLATIONS;<br>3) NEGLIGENCE; and<br>4) BATTERY.<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. The Court has jurisdiction over this action pursuant to 28 U.S.C., Sections 1331 and 1343. The Court also has supplemental jurisdiction over the state claims and over Defendants SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, WILLIAM B. KOLONDER, DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH, COUNTY OF SAN DIEGO, and Does 1 through 50, pursuant to 28 U.S.C., Section 1367. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1988.

## VENUE

2. Venue over Plaintiffs' claim is proper in the Southern District of California because Plaintiff VICTORIA (VICKIE) LYNN BULLOCK, resided in the City of Escondido, California, and one or more of the Defendants' principal place of business is in the City of San

Diego, County of San Diego, California. 28 U.S.C., Section 1391(b)(2).

## PARTIES

3. At the time of the death of Richard Bullock, Plaintiff Victoria (Vickie) Lynn Bullock resided in the City of Escondido, County of San Diego, State of California. Plaintiff Victoria (Vickie) Lynn Bullock was the lawful wife of the deceased Richard Bullock. Richard Bullock was born on 1-16-1958, and was 44 years old at the time of his death. The ESTATE OF RICHARD BULLOCK is represented by VICTORIA (VICKIE) LYNN BULLOCK and she was RICHARD BULLOCK'S lawful wife and successor in interest pursuant to California Code of Civil Procedure §377.32 at the time of his death. RICHARD BULLOCK was survived by two sons MICHAEL BULLOCK and GAVIN BULLOCK, who are joined to this action as defendants as they are believed to be indispensable parties.

4. Defendant COUNTY OF SAN DIEGO (hereinafter referred to as "county"), is a chartered subdivision of the State of California with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the COUNTY and the San Diego County Sheriff's Department (hereinafter referred to as "SDCSD") and its agents and employees. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the "SDCSD" and its employees complied with the laws and the Constitutions of the United States and of the State of California.

5. Defendant WILLIAM B. KOLONDER (hereinafter referred to as "HEAD SHERIFF") is the head Sheriff of the SDCSD. He is sued in his individual and official capacity. He was charged by law with the administration of defendant SDCSD and for the supervision, training and hiring of persons working within said SDCSD, including peace officers and specifically including defendants, deputies/ officers/employees DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH, and DOES 1 through 50, inclusive.

6. Defendants, WILLIAM B. KOLONDER, DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH and "DOE" Officers 1 through 50, were at all times mentioned herein, deputy sheriffs/employees with defendant COUNTY and defendant SDCSD, acting

within the course and scope of their employment and under color of state law. Defendants Bruce Ruff and DAVID NUNN were supervisors at the scene of the shooting and are believed to have ordered and carried out the unconstitutional policies plans and customs alleged herein. They are sued in their individual and official capacities.

7. Plaintiffs are informed and believe and thereon allege that defendants and defendants sued herein as DOES 1 through 50, inclusive, are officers, agents or employees of the Defendant SDCSD and were at all relevant times acting in the course and scope of their employment. Each defendant is the agent of the other. Plaintiffs allege that each of the defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained.

## PRELIMINARY ALLEGATIONS

8. This action is brought under Title 42 U.S.C. §§1983, 1988, and on the Fourth, and Fourteenth Amendments of the United States Constitution, the constitutional right to privacy and pursuant to the general laws of the United States and of the State of California. Plaintiffs allege that the conduct of some of the defendants deprived each Plaintiff individually of their constitutionally protected right to a familial relationship, and deprived RICHARD BULLOCK of his right to life. Plaintiffs also allege they were subjected to falsification of information which was used in violation of their privacy rights and to a conspiracy to falsify to obstruct justice, cover up the true facts surrounding the shooting of RICHARD BULLOCK.

9. At all times relevant to the facts alleged herein, defendants and each of them, including Does 1 through 50, were duly appointed, qualified and acting deputy sheriffs, officers, employees, and/or agents of SDCSD, or County and acting within the course and scope of their employment, and/or agency, and under color of state law. Each of the defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' and RICHARD BULLOCK'S rights, to initiate and maintain

adequate supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each defendant individually, jointly and severally.

## FACTS

10. On June 10, 2002, RICHARD BULLOCK was in his home with his wife, VICTORIA (VICKIE) LYNN BULLOCK , at 25662 WILLOW LANE, ESCONDIDO, California. RICHARD BULLOCK had become mentally depressed over a number of incidents in his life including having his wages garnished and memories of a childhood incident where his twin brother had passed away . On June 10, 2002, VICTORIA (VICKIE) LYNN BULLOCK became concerned with her husband's mental health condition and she called 911 for help as Richard Bullock had talked about committing suicide and was in fact in possession of a shot gun. Defendants Does 41-50 received the dispatch call from Plaintiff Victoria (Vickie) Lynn Bullock and failed to transfer the call to the mental health authorities and instead notified the SDCSD. Defendant deputies Ricardo Lopez, Daren Smith, Sgt. Bruce Ruff, David Nunn and Does 1 - 20 from the SDCSD were assigned to and/or came to the Bullock's home. At the time the above named defendants arrived at the Bullock home, they were aware or should have been aware that RICHARD BULLOCK had not threatened anyone, that RICHARD BULLOCK had not injured anyone, that no crime had been committed; that RICHARD BULLOCK was depressed and was suffering from mental illness; that VICTORIA (VICKIE) LYNN BULLOCK had called for help to save the life of her husband, that RICHARD BULLOCK had not harmed himself, nor anyone else; that RICHARD BULLOCK was in need of help and assistance for his mental illness and depression; and, that the 911 call was made seeking assistance to preserve the life of RICHARD BULLOCK. When the defendant deputies, Sargent and other employees of SDCSD arrived, RICHARD BULLOCK did not approach or confront the deputies, Sargents, or other employees of SDCSD nor any other person at the Bullock home. Richard Bullock did not shoot at any of the deputies/employees of SDCSD and in fact, did not even point a gun to anyone nor himself at that time. Richard Bullock was not even facing the

officers at the time that he was shot . The deputies, and/or other employees entered the house unannounced, without knocking, and without awaiting the assistance of mental health intervention, crisis management professionals, with a previously formulated plan to shoot RICHARD BULLOCK not knowing that Plaintiff VICTORIA (VICKIE) LYNN BULLOCK was nearby in the kitchen. The above named defendants then proceeded to take two shots at RICHARD BULLOCK which knocked him to the ground, caused RICHARD BULLOCK to drop the shotgun, and fall in a fetal position in pain. Thereafter and after about a 30 second delay in the shooting, while RICHARD BULLOCK was in the fetal position, and unarmed, the above named deputies/employees discharged their firearms which culminated in the unreasonable and unnecessary shooting of RICHARD BULLOCK, the person they had gone there to assist because of his depression. Richard bullock died later of the gunshot wounds.

11. DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH and Defendants Does 1-20 conspired and acted to make false representations of what occurred in an effort to cover up what had occurred and to deny Plaintiff access to justice and to obstruct justice. BRUCE RUFF, and/or RICARDO LOPEZ, and/or DARIN SMITH , who shot at RICHARD BULLOCK were aware that they had, without justification, shot a mentally ill person and they, with the assistance of the INTERNAL AFFAIRS department, and the district attorneys' office and other law enforcement investigators and Does 21-50, conspired to cover up and falsify the facts surrounding their use of excessive force and killing of RICHARD BULLOCK by falsely asserting facts to justify the shooting and death of RICHARD BULLOCK.

12. The Defendants DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH were aided and assisted in their coverup by the SDCSD investigators and Does 21-50 acting pursuant to a custom, practice or official policy of SDCSD, to not follow standard investigative procedures and posture the story of the shooting DEPUTIES/EMPLOYEES in the most favorable light, to justify the excessive use of force. SDCSD'S procedures required that investigations of shootings by deputies must be conducted in a manner consistent with proper and accepted methods of investigation, however each defendant violated SDCSD 'S procedures.

13. Defendant SDCSD AND THE COUNTY OF SAN DIEGO have stated that the shooting of RICHARD BULLOCK was, in part, based on RICHARD BULLOCK'S attack on the above named deputies. Similarly, the District Attorney's office from the County of San Diego and Does 21 -50, attempted to cover up and justify their use of excessive force and killing RICHARD BULLOCK by failing to conduct a proper investigation and by asserting facts in police investigations that were released to the public that assert that RICHARD BULLOCK had attacked the deputies.

**FIRST CLAIM FOR RELIEF VIOLATION OF 42 U.S. CODE SECTION 1983 BY PLAINTIFF AGAINST DEFENDANTS DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH, AND DOES 1 -20, EXCESSIVE FORCE CAUSING THE DEATH OF RICHARD BULLOCK, VIOLATION OF RIGHT TO PRIVACY, and CONSPIRACY TO FALSIFY EVIDENCE.**

14. Plaintiffs refer to paragraphs 1 through 13 above and incorporates them by reference herein as though fully set forth.

15. This action arises within the Title 42 of the United States Code, §§ 1983 and 1985 of the United States Constitution, and common law principles. Decedent RICHARD BULLOCK and Plaintiff were subjected to deprivation of rights by defendants, acting or pretending to act under color of law and of statutes, ordinances, regulations and customs and usages of the laws of United States, State of California and of the County of San Diego, which rights included, but are not limited to, privileges and immunities secured to Plaintiffs and decedent by the Constitution and laws of the United States, and particularly:

a. RICHARD BULLOCK's right to be free from excessive and unreasonable force in violation of his rights protected under the 4th Amendment;

b. The ESTATE OF RICHARD BULLOCK'S' right to life, right to be free of excessive force and the unnecessary infliction of pain, suffering and torture and violation of his rights of privacy;

c. VICTORIA (VICKIE) LYNN BULLOCK'S right to a familial relationship with her husband in violation of her rights protected under the 14th Amendment and of her rights of privacy;

d. Plaintiff' access to justice, to not be subjected to obstruction of justice or to have their rights to privacy violated by defendants' acts of conspiracy.

16. Plaintiffs allege that the defendants' wrongful conduct caused deprivations of a right, caused injury and damages to the plaintiff, and the violation of VICTORIA (VICKIE) LYNN BULLOCK'S constitutionally protected liberty interest in familial companionship caused her damages in the form of loss of love, companionship, services, guidance, future support and the loss of RICHARD BULLOCK's life. Plaintiffs allege that this wrongful conduct of these named Defendants and does 1 through 50, legally caused Plaintiff's general and special damages as allowable pursuant to federal law in an amount according to proof.

17. The Estate of RICHARD BULLOCK brings this action as a survival action, and claims that the wrongful conduct of each defendant caused RICHARD BULLOCK pain and suffering prior to his death and for loss of RICHARD BULLOCK's enjoyment of life's activities.

18. By virtue of the provisions of 42 U.S.C., Section 1988, Plaintiff is entitled to an award of reasonable attorneys' fees and costs according to proof.

19. These individual defendants acted recklessly towards the constitutional rights of RICHARD BULLOCK, the ESTATE OF RICHARD BULLOCK AND VICTORIA (VICKIE) LYNN BULLOCK and punitive damages should be assessed against these individually named defendants.

**SECOND CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT WILLIAM B. KOLONDER , AND DOES 21 THROUGH 30, FOR FAILURE TO SUPERVISE CAUSING CONSTITUTIONAL VIOLATION**

20. Plaintiffs reallege and incorporate herein by reference the allegations of the preceding paragraphs 1 through 18, inclusive, as though fully set forth herein.

21. Plaintiff is informed and believes and thereon alleges that defendants, HEAD SHERIFF KOLONDER and Does 21-30 knew, or in the exercise of reasonable care, should have known of a history, propensity and pattern, prior to and after the time of RICHARD BULLOCK's death, for deputies and/or employees of SDCSD, including, but not limited to DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH and

Does 1 -30 to use excessive force, falsify evidence after a police use of excessive force, use unreasonable police tactics which lead to the unnecessary and unreasonable use of excessive force, or use unreasonable, out-of-policy or unconstitutional police tactics to investigate police use of force incidents. Defendant, HEAD SHERIFF KOLONDER, and Does 21-30 knew, or in the exercise of reasonable care, should have known that SDCSD employees were responsible for a number of recent shooting deaths in the San Diego area, a high number on a *per capita* basis, higher than prior years.. Prior to the death of RICHARD BULLOCK, wherein the defendants used excessive force, falsified evidence after a police use of excessive force, used unreasonable police tactics which lead to the unnecessary and unreasonable use of excessive force, or used unreasonable, out-of-policy or unconstitutional police tactics to investigate police use of force incidents, other SDCSD officers, including but not limited to defendants DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH and Does 1 -30 were the subject of prior complaints of allegations of similar conduct and had been found by federal and state courts to have violated constitutional rights in the course and scope and under color of law of their capacities as SDCSD deputies and/or employees..

22. Notwithstanding this information and history of SDCSD deputies and/or employees, including but not limited to defendants DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH and Does 1 -10, HEAD SHERIFF KOLONDER, and Does 21-30, failed to train, supervise or discipline the SDCSD deputies/employees that used excessive force, falsified evidence after a police use of excessive force, used unreasonable police tactics which lead to the unnecessary and unreasonable use of excessive force, used unreasonable, out-of-policy or unconstitutional police tactics to investigate police use of force incidents the SDCSD deputies/employees who were the subject of prior complaints of allegations of similar conduct and those who had been found by federal and state courts to have violated constitutional rights in the course and scope and under color of law of their capacities as SDCSD deputies/employees.

23. HEAD SHERIFF KOLONDER, and Does 21-30, disregard of this knowledge or failure to adequately investigate and discover this pattern, custom or practice of

unconstitutional violations, or the existence of facts which creates the potential of unconstitutional acts, violated their duty to supervise, train and instruct their subordinates to prevent similar acts to other persons and HEAD SHERIFF KOLONDER, and Does 21-30, failed to take steps to properly train, supervise, investigate or instruct the individually named officers, and as a result decedent was harmed in the manner threatened by the pattern or practice.

24 HEAD SHERIFF KOLONDER, and Does 21-30, had a custom, practice and policy which resulted in his failure to take steps to properly train, supervise, investigate or instruct Defendants DOES 31-50, who further conspired with the defendants DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH and Does 1 -30, to cover up and falsify their use of excessive force and killing RICHARD BULLOCK by falsely asserting facts in police investigations, that were released to the public, that assert that RICHARD BULLOCK had attacked the defendants herein

25. HEAD SHERIFF KOLONDER , and Does 21-30, had a custom , practice and policy which resulted in their failure to take steps to properly train, supervise, or instruct defendants DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH and Does 1 -30, to use alternatives to deadly force when attempting to assist a person who is suffering from mental illness. Defendant KOLONDER knew from many violent confrontations by SDCSD deputies/employees and the experience of other police departments nationwide with persons suffering from mental illness by the fact of their mental illness may act in fearful and irrational ways, especially if provoked or attacked with violence and that reasonable alternatives to force, especially deadly force, must be employed consistent with the constitutional duty to refrain from the unnecessary taking of human life. Notwithstanding this knowledge, HEAD SHERIFF KOLONDER failed to train his officers and supervisors in crisis management and alternatives to the use of deadly force and instead maintained a an unconstitutional policy, custom and practice that a mentally ill person who initially does not respond to verbal commands must be attacked with force, even deadly force, in order to arrest them and obtain compliance.

**AS A THIRD CLAIM FOR RELIEF PLAINTIFFS ALLEGE NEGLIGENCE AGAINST ALL DEFENDANTS.**

26. The allegations of paragraphs 1 through 17 and 18 to 25, and each of them, are incorporated herein by reference, repeated, and realleged as though fully set forth again.

27. On or about June 10, 2002, and at all times mentioned herein, Decedent was subject to use of deadly force by Defendants DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH and Does 1 -30, each defendant was negligent in the performance of their police officer tactics and duties and this negligence caused decedent's death. Defendants failed to comply with their above stated police tactics and duties and their conduct was at all times mentioned herein, below the standard of care for reasonable police officers and/or deputy sheriff or law enforcement officers, and this negligence caused the injuries and damages alleged herein.

28. Defendants, KOLONDER, COUNTY, SDCSD and DOES 1 through 50, acting within the course and scope of their employment with defendants, breached their duty to assure the competence of defendants DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH and Does 1 -30, failed to exercise ordinary care under the circumstances herein alleged to evaluate and to assure the competence of DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH and Does 1 -30, and breached their duty of selecting, training, reviewing and periodically evaluating the competency of these individually named officers. This breach of duty of careful selection, training, review and periodic evaluation of the competency of such police officers created an unreasonable risk of harm to persons such as decedent and plaintiff.

29. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants, and each of them, decedent was injured, killed and each plaintiff has suffered the damages as alleged above.

**FOURTH CLAIM FOR RELIEF ALLEGING BATTERY AGAINST DEFENDANTS DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH AND DOES 1 -30.**

30. Plaintiffs restate and reiterate paragraphs 1 through 17 of this Complaint and

incorporate them herein by reference.

28. On or about June 10, 2002, and at all times mentioned herein, Decedent was subjected to a battery by Defendants DAVID NUNN, BRUCE RUFF, RICARDO LOPEZ, DARIN SMITH and Does 1 -30 acting within the scope and course of their employment with SDCSD and COUNTY.

**WHEREFORE,** Plaintiffs pray for judgment against defendants, and each of them, and Does 1 through 50 jointly and severally, as described in the Causes of Actions set forth above, as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For a declaration that HEAD SHERIFF KOLONDER maintained an unconstitutional custom , practice and policy in training his officers in assisting the mentally ill.
4. For punitive damages against individual defendants in an amount to be determined at trial;
5. For costs of suit and reasonable attorneys' fees pursuant to 42 USC, Sections 1988, and as permitted by law; and
6. For such further relief as the Court deems just and equitable.

**LAW OFFICES OF OSCAR E. TOSCANO**

Dated: June 4, 2003

OSCAR E. TOSCANO
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury through their counsel of record.

**LAW OFFICES OF OSCAR E. TOSCANO**

OSCAR E. TOSCANO
Attorney for Plaintiff

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED

03 JUN -6 PM 2:29

CLERK, U.S. DISTRICT COURT

BY: DEPUTY

**I (a) PLAINTIFFS**

VICTORIA (vickie) lynn bullock

THE ESTATE OF RICHARD BULLOCK

**DEFENDANTS**

SAN DIEGO COUNTY SHERIFF'S DEPT.,

WILLIAM B. KOLONDER, DAVID NUNN, BRUCE RUFF,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)** SAN DIEGO

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)** ~~SAN DIEGO~~

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

OSCAR E. TOSCANO
ATTORNEY AT LAW
625 W. BROADWAY, SUITE B
GLENDALE, CA. 91204

**ATTORNEYS (IF KNOWN)**

'03 CV 1142 JM NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

28 u.s.c. sections 1331, 1343, 1367. violation of civil rights

42 USC 1983, 1985, 1988

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury-Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 6-4-03 SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CL CB $150 94633 06/04/03

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle intitial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plai... he agency and then the official, giveing both name and title.

(b) County of Residence. For each civil case fi... t listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name o... (NOTE: In land condemnation cases, the county of residence of the "defendant" is th...

(c) Attorneys. Enter firm name, address, teleph... n on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set... in pleadings. Place the "X" in one of the boxes. If there is more than one basis of ju...

United States plaintiff. (1) Jurisdiction is base... d States are included here.

United States defendant. (2) When the plaintif...

Federal question. (3) This refers to suits under... ited States, an amendment to the Constitution, an act of Congress or a treaty of t... efendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits... n Box 4 is checked, the citizenship of the different parties must be checked. (See Sec... s.)

III. Residence (citizenship) of Principal Parties. ... s indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute di... e.

V. Nature of Suit. Place an "X" in the appropri... tion, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerk... fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven b...

Original Proceedings. (1) Cases which originat...

Removed from State Court. (2) Proceedings in ... U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check th... ate of remand as the filing date.

Reinstated or Reopened. (4) Check this box fo... as the filing date.

Transferred from Another District. (5) For cas... ithin district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box wh... e 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judg... (7) Check this box for an appeal from a magistrate's decision.

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 094633 - 01
June 6, 2003

| Code | Case # | Qty | Amount |
|---|---|---|---|
| CV0869CO | 3-03-CV-1142 | | 120.00 CH |
| Judge | - MILLER | | |
| CV510000 | | | 30.00 CH |

Total-> 150.00

FROM: BULLOCK V SD COUNTY SHERIFFS
CIVIL FILING
CK 1817
CHB.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)